

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Department of Agriculture
Austin, Texas

Gentlemen:                          Attention: W. S. Bussey

Opinion No. O-2470-A
Re: Certain price advertise-
ments which might be of
a deceptive misleading
nature.

The following is to be considered supplemental
to Opinion No. O-2470.

We quote the body of your letter of July 10, 1940,
as follows:

"As per our conversation of yesterday con-
cerning the above opinion, it seems that the
question asked in the last paragraph of our
letter was not thoroughly understood, as we en-
deavored to point out that it was our inter-
pretation of Article No. 1554 that the duty of
enforcing said article was not placed specific-
ally upon any law enforcing agency.

"It was our desire to learn just what agency
or agencies would have the legal authority and
could reasonably be expected to enforce this law."

Article 5705, Revised Civil Statutes of 1925,
provides:

"The Commissioners of Markets and Ware-
houses shall have power and authority to en-
force, or cause to be enforced, any provision
of this chapter. He shall appoint a chief

deputy, who shall be known as Chief Deputy of
Weights and Measures. In the absence or inability
of the Commissioner, such deputy may perform
any duty required by the provisions of this
chapter. . . ."

Article 5707, Revised Civil Statutes of 1925,
provides:

"The Commissioner shall investigate conditions
throughout the State, and especially in all the
cities and towns in the State, with respect to
weights and measures, and the sale of goods,
wares and merchandise, commodities, food stuff
and feed stuff sold in packages or containers,
and also all kinds of feed, fuel or ice that
is sold by weight or measure. . . ."

Article 5710, Revised Civil Statutes, 1925 stip-
ulates:

"The Commissioner, his deputy, sealers
or inspectors and all local sealers and their
deputies in the performance of their official
duties, shall have the same power as peace
officers in this State." (Underscoring ours)

Article 37 of the Code of Criminal Procedure
prescribes the duties of peace officers as follows:

"It is the duty of every peace officer to
preserve the peace within his jurisdiction.
To effect this purpose, he shall use all law-
ful means. He shall, in every case where he is
authorized by the provisions of this Code, inter-
fere without warrant to prevent or suppress
crime. He shall execute all lawful process
issued to him by any magistrate or court. He
shall give notice to some magistrate of all
offenses committed within his jurisdiction,
where he has good reason to believe there has
been a violation of the penal law. He shall
arrest offenders without warrant in every

Department of Agriculture, Page 3

case where he is authorized by law, in order that
they may be taken before the proper magistrate
or court and be tried."

We trust that the foregoing will serve to clarify
that portion of Opinion No. O-2470 which appears to con-
fuse you. We shall again advise that you, in your capacity
as Chief Deputy of Weights and Measures, are not specific-
ally charged with the enforcement of the provisions of
Article 1554, Penal Code. However, in all those certain
instances where you consider a violation of said penal
statute as falling within the bounds of one or more of those
investigations which you are authorized to conduct by the
terms of Article 5707, Revised Civil Statutes of Texas,
then, the statutory provisions set out above clearly gives
you power and authority to invoke and enforce the penal
provisions of Article 1554. In your determination of this
question of duty you shall be guided by your sound discre-
tion.

Trusting that this affords an answer to your in-
quiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

By

Grundy Williams

GW:oaw